UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

HIKING DuPRE,
        Petitioner,

v.

D. GONZALES, JR.,[1]
        Respondent.

No. 22 CV 50371

Judge Iain D. Johnston

## MEMORANDUM OPINION AND ORDER

Petitioner Hiking DuPre has filed a habeas petition under 28 U.S.C. § 2241 seeking the restoration of good conduct time he lost as a result of a disciplinary proceeding. For the following reasons, his habeas petition [1] is denied.

## BACKGROUND

During his time as an inmate at USP Thomson, Mr. DuPre was disciplined for engaging in a sex act. According to an incident report from November 3, 2021, a staff member was distributing medication to inmates in Mr. DuPre's housing unit. While on the top tier of cells, the staff member looked down at the lower tier of cells and witnessed an inmate masturbating. The staff member ordered the inmate to stop, walked down to the lower tier, then to the cell where the inmate was masturbating, and identified that inmate as being Mr. DuPre. The staff member completed an incident report charging Mr. DuPre with a violation of Prohibited Act Code 205, which prohibits "Engaging in Sexual Acts." The incident report was delivered to Mr. DuPre later that day.

Disciplinary hearing officer B. Potes conducted a disciplinary hearing on February 17, 2022. According to DHO Potes' written decision, Mr. DuPre denied the charges, and declined to make any additional statement. Mr. DuPre had asked the hearing officer to obtain a witness statement from his cellmate and to view video of the incident. According to the written disciplinary decision, the cellmate stated that, "I was working out, he was in bed," which DHO Potes found neither confirms nor refutes Mr. DuPre's denial. DHO Potes' review of videos revealed that the staff member was on the upper tier, something occurred on the bottom tier that caught the staff member's attention, the staff member went down to the bottom tier and approached Mr. DuPre's cell, and then looked at the name cards on his cell door, all of which DHO Potes found to be consistent with what the staff member reported in the incident report.

---

[1] The Court recognizes that D. Gonzalez is no longer the warden at USP Thomson, but neither is Thomas Bergami, whom the government seeks to substitute. For that matter, Mr. DuPre is no longer at USP Thomson, and has updated his address to USP Lee in Pennington Gap, Virginia. *See also* https://www.bop.gov/inmateloc/ (last visited Oct. 20, 2023). A USP Thomson official has informed the court that a new permanent warden is scheduled to start next month, and that interim wardens are covering in the meantime. The Court will thus keep Gonzalez for now.

DHO Potes concluded that Mr. DuPre engaged in a sexual act and sanctioned him with the loss of 27 days of good conduct time.

Mr. DuPre challenges his loss of good conduct time, offering the following arguments: (1) there was "no independent corroborating evidence of my having committed a violation," and DHO Potes demonstrated bias by accepting the allegations in the incident report as being true solely because it was prepared by a staff member; (2) DHO Potes violated Bureau of Prisons' regulations by personally reviewing videos of the incident, which made DHO Potes an "investigator" who was "involved" in the incident; (3) the incident report contained false information because the staff member claimed seeing him "masturbating during morning pill line," but he does not take any pills; and (4) DHO Potes issued an amended written disciplinary decision without first conducting a rehearing. Upon receiving Mr. DuPre's petition, the Court ordered briefing. The petition is now fully briefed.

## ANALYSIS

Persons in the custody of the Bureau of Prisons have a liberty interest in good conduct time, and can challenge the loss of good conduct time by filing a motion for habeas relief under 28 U.S.C. § 2241. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Although prisoners have due process rights in prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As a result, a prisoner has received due process if each of the following requirements are met: the prisoner (1) receives written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) has an opportunity to be heard before an impartial decision maker; (3) is able to call witnesses and present evidence that will not be unduly hazardous to safety or correctional goals; (4) receives a written statement of the evidence relied on and the reason for the decision; and (5) receives disclosures of any exculpatory evidence. *Id.* at 564-66.

The disciplinary decision will be upheld as long as it is supported by "some evidence in the record," which is a meager standard. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) ("once the meager threshold has been crossed our inquiry ends."). On habeas review, the court does not reweigh the evidence or determine credibility. *See Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Rather, the court merely looks to whether there is *any* evidence in the record supporting the disciplinary decision. *See Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (a court can overturn a disciplinary decision only if no reasonable adjudicator could have found the inmate guilty of the offense based on the evidence presented).

A federal prisoner must exhaust his federal administrative remedies before seeking habeas relief in court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The requirement is not jurisdictional and so is waived if not raised by the respondent. *See Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). Here, the government agrees that Mr. DuPre has properly exhausted and so has not raised the defense. *See* Response [11] at 4.

None of Mr. DuPre's arguments establishes any denial of his rights to due process during prison disciplinary proceedings. First, he has not established an insufficiency of evidence or bias. DHO Potes considered the evidence that a staff member reported seeing Mr. DuPre engaged in a sex act, that video corroborated the staff member's reported movements throughout Mr. DuPre's housing unit, and that his cellmate's statement that he was working out at the time and that Mr. DuPre was in his bed did not contradict the staff member's account. Accordingly, some evidence supports the disciplinary decision, which is all that due process requires. Disciplinary hearing officers are charged with considering the evidence and reaching a decision, and the fact that a hearing officer believes a staff member over an inmate does not overcome the presumption of honesty and integrity afforded hearing officers. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Second, although he cites to 28 C.F.R. § 542, Mr. DuPre appears to argue that DHO Potes violated 28 C.F.R. § 541.8(b), which requires that a disciplinary hearing officer "be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." Mr. DuPre argues that DHO Potes violated the policy "when she admitted to personally reviewing camera footage because that made her 'involved' and adopting the lieutenant's role as the 'investigating officer." Petition [1] at 6. A hearing officer's involvement in the underlying incident or its investigation can raise due process concerns. *See Temple v. Davis*, 84 Fed. Appx. 642, 644 (7th Cir. 2003). But according to the disciplinary hearing report, Mr. DuPre asked DHO Potes to review the video footage, *see* Discipline Hearing Officer Report (Amended Report) at 3 (attached to Petition [1] as Exhibit A), which Mr. DuPre never disputes. Due process is not violated when the government takes an action that the claimant requests. And 28 C.F.R. § 541.8(f) requires the disciplinary hearing officer to "consider all evidence presented during the hearing." Nothing in the record indicates that DHO Potes was any more involved in the incident than reviewing the evidence presented as directed by 28 C.F.R. § 541.8(f), and therefore Mr. DuPre has not established any due process violation on this basis.

Third, Mr. DuPre contends that the incident report contains false information. Specifically, he states that the assertion in the incident report that the staff member saw him masturbating in his cell is contradicted by a "Health Services Alert," in which the staff member reported that an "[i]nmate was masturbating during morning pill line." Petition [1], Exhibit 2. But the Health Service Alert addresses *when* the incident occurred, not *where*, and so does not contradict the incident report.

Fourth, Mr. DuPre contends that DHO Potes issued an amended disciplinary decision without conducting a rehearing. He does not point to any requirement of a rehearing, identify any differences between the original and amended decision, and offers no explanation of how he was harmed by the amendment. The Court has compared the two decisions and found just two differences: the gender of the staff member who completed the incident report was changed from male to female, and "officer s" was corrected to "officer's." The disciplinary hearing officer's identification of the evidence relied on and the disciplinary decision reached including the loss of 27 days good conduct time are all unchanged. Therefore, Mr. DuPre has identified no violation of his rights to due process based on the issuance of the amended disciplinary decision.

Finally, the Court notes that for the first time in his reply brief Mr. DuPre argues that he could not have committed a sex act in violation of Prohibited Acts Code 205 because the wording of the code makes clear that it applies only to conduct involving two or more people. But the code in its entirety reads, "Engaging in Sexual Acts," which says nothing about the number of participants. Also for the first time in his reply brief Mr. DuPre argues that DHO Potes denied him due process by reviewing the two videos that depicted only what the staff member was doing while failing to review video from a different angle that would have depicted what was occurring within his cell, specifically that his cellmate was exercising at the time. But DHO Potes already took into account the cellmate's statement that he was working out at the time and that Mr. DuPre was in bed, which DHO Potes found neither confirmed nor refuted Mr. DuPre's denial that he was engaged in a sex act. In any event, Mr. DuPre never raised either of these arguments in his petition, leaving the government unable to address them, including whether he exhausted two those issues. Arguments raised for the first time in a reply brief are considered dirty pool and are forfeited. *See Narducci v. Moore*, 572 F. 3d 313, 324 (7th Cir. 2009).

## CONCLUSION

For the reasons given, Mr. DuPre's petition [1] is denied. Mr. DuPre is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. DuPre need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

Date: October 20, 2023     By: _____
Iain D. Johnston
United States District Judge